UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JERRY GUIDRY | : | CIVIL ACTION NO. 2:16-cv-609 |
| VERUS | : | |
| BRISTOL MYERS SQUIBB CO., ET AL | : | MAGISTRATE JUDGE KAY |

### *SUA SPONTE* MEMORANDUM RULING

Plaintiff, Jerry Guidry, filed suit in the 36th Judicial Court, Parish of Beauregard on April 7, 2016, naming Bristol Myers Squibb Company and AstraZeneca Pharmaceuticals LP as defendants (hereinafter collectively referred to as "defendants"). Doc. 1, att. 1, pp. 1-19. The suit was removed to this court on May 4, 2016, on the basis of diversity jurisdiction. Doc. 1.

Defendants answered the allegations in the suit and the matter was set for a scheduling conference on December 1, 2016. Docs. 14, 15, 16. At this conference, the matter was not set for trial; instead, the court allowed the parties to engage in limited discovery concerning medical causation and continued the scheduling conference to July 6, 2017. Doc. 19.

Prior to the July conference, on May 24, 2017, counsel for plaintiff filed a motion to withdraw. Doc. 22. The motion was set for hearing by telephone on June 8, 2017. Doc. 24. At the hearing counsel for plaintiff informed the court that, beginning in August of 2016, she began having difficulty contacting her client. *See* Doc. 27, Digital Audio File. Counsel stated that she attempted to contact her client by tlephone and by mail on numerous occasions in order to obtain medical records and/or medical authorizations requested by defense and which were vital to the

case. *Id.* Near the end of March 2017 counsel received medical authorizations signed by plaintiff's wife, Gayla Guidry, who represented to counsel by letter that she had power of attorney to act on her husband's behalf. *Id.* In the meantime, counsel stated that she did some online research and discovered an obituary for plaintiff dated February 22, 2017. *Id.*

Counsel for plaintiff stated that she called and sent letters, by both certified and regular mail, to plaintiff and his wife using the contact information that she had and searching online for any other ways to reach them. *Id.* Counsel explained in the letters the need to obtain probate documents in order to do a substitution of parties. *Id.* When she received no response, counsel sent a letter on April 10, 2017, by both certified and regular mail, explaining that she was going to file a motion to withdraw. The certified letter was returned unclaimed and counsel stated that she had no response following the letter. On May 23, 2017 counsel filed the motion to withdraw.

At the hearing on the motion to withdraw the court granted counsel's motion and ordered the Clerk of Court to send an order to plaintiff, his wife, or their legal representative notifying them of the telephonic scheduling conference set for July 6, 2017, and ordering that they participate in the conference. Doc. 25. Such order was issued on June 8, 2017, and mailed to plaintiff at his last known address. Doc. 26.

On July 6, 2017, defense counsel called Chambers for the scheduling conference. No one called Chambers on behalf of plaintiff.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The court finds that plaintiff has caused undue delays in the prosecution of this case and has furthermore failed to comply with orders of this court. For these reasons, the court concludes that plaintiff's suit should be **DISMISSED** with prejudice in accordance with the provisions of FRCP Rule 41(b). A separate judgment to that effect will be executed.

THUS DONE AND SIGNED in Chambers this 12th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE